U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

MAY - 6 2014

CLERK, U.S. DISTRICT COURT
By _____
              Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **DERRICK DEWAYNE REYNOLDS** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:13-CV-2728-P** |
| | ) | |
| **WILLIAM STEPHENS, Director, Texas** | ) | |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court. The Findings, Conclusions and

Recommendation of the Magistrate Judge are as follows:

### I. Parties

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional

Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28

U.S.C. § 2254. Respondent is William Stephens, Director of TDCJ-CID.

### II. Background

On September 25, 2008, Petitioner pled guilty to one count of aggravated robbery and

two counts of robbery and was sentenced to forty years in prison. *State of Texas v. Derrick*

*Dewayne Reynolds*, Nos. F08-72248-NU and F08-72269-NU (291st Jud. Dist. Ct., Dallas County,

Tex., Sept. 25, 2008). On July 27, 2009, the Fifth District Court of Appeals affirmed the

convictions and sentences. *Reynolds v. State*, Nos. 05-08-01327, 05-08-01327 (Tex. App. –

Dallas 2009, no pet.). Petitioner did not file a petition for discretionary review.

On February 23, 2012, Petitioner filed state habeas petitions challenging his convictions. *Ex parte Reynolds*, Nos. 78,404-01, -02. On November 7, 2012, the Texas Court of Criminal Appeals denied the petitions without written order on the findings of the trial court. Petitioner then filed two additional state habeas petitions. *Ex parte Reynolds*, Nos. 78,404-03, -04. On May 8, 2013, the Texas Court of Criminal Appeals dismissed the petitions as subsequent.

On July 10, 2013, Petitioner filed this federal petition for habeas relief pursuant to 28 U.S.C. § 2254. He argues:

1. He is actually innocent;

2. He received ineffective assistance of trial counsel when counsel:

    (a)   failed to subpoena his urinalysis results and his parole officer;

    (b)   failed to object to the PSI; and

    (c)   failed to investigate;

3. He received ineffective assistance of appellate counsel when counsel:

    (a)   failed to raise a claim of ineffective assistance of trial counsel; and

    (b)   failed to investigate;

4. A state procedural rule impeded his right to effective assistance of counsel on appeal;

5. He was entitled to state habeas counsel;

6. His guilty plea was involuntary;

7. The evidence is insufficient to support his convictions; and

8. He was denied access to exculpatory evidence.

On September 9, 2013, Respondent filed his answer arguing the petition is barred by

limitations.  On October 16, 2013, Petitioner filed a reply.  The Court now finds the petition should be dismissed as time-barred.

### III.  Discussion

#### A.      Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA establishes a one-year statute of limitations for federal habeas proceedings.  *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired.  *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's conviction was affirmed on July 27, 2009. The Court of Criminal Appeals granted Petitioner an extension of time until October 26, 2009, to file a petition for discretionary review. He did not file a petition for discretionary review. His conviction therefore became final on October 26, 2009. *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Thus, Petitioner was required to file his § 2254 petition on or before October 26, 2010, to avoid being time-barred.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner, however, did not file his first two state habeas petitions until February 23, 2012, which was after the limitations period expired.

Petitioner was required to file his federal habeas petition by October 26, 2010. He did not file his petition until July 10, 2013. His petition is therefore untimely.

**B.      Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v.*

---

28 U.S.C. § 2244(d)(1).

*Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner claims he is entitled to equitable tolling because his appellate counsel failed to raise his ineffective assistance of trial counsel claims on direct review, and he was not appointed counsel for his state habeas petition.  Petitioner, however, has failed to show how the lack of state habeas counsel prevented him from timely raising his ineffective assistance of counsel claims.  Petitioner in fact raised his ineffective assistance of counsel claims on state habeas review, but failed to raise the claims within the AEDPA limitations period.  Although Petitioner cites the Supreme Court's decisions in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013) to support his claim, those decisions address procedural default rather than the limitations period.  These cases do not support Petitioner's claim for equitable tolling.  Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 6 day of _May_ , 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**        Page -5-

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).